UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK JONES JR.,<br><br>        Petitioner,<br><br>   v.<br><br>DIRECTOR OF CORRECTIONS MATTHEW TATE,<br><br>        Respondent. | 1:10-cv—00068-AWI-SKO-HC<br><br>ORDER GRANTING PETITIONER'S REQUEST FOR AN EXTENSION OF TIME TO FILE OPPOSITION TO RESPONDENT'S MOTION TO DISMISS (Docs. 20, 18)<br><br>**DEADLINE FOR OPPOSITION: THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER**<br><br>ORDER DEEMING PETITIONER'S MOTION FOR EXTENSION OF TIME TO BE IN PART A REQUEST FOR AN INJUNCTION (Doc. 20)<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S REQUEST FOR AN INJUNCTION (Doc. 20) |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's request for an extension of time filed on November 8, 2010.

    I.   Request for Extension of Time

    Petitioner requests a sixty-day extension of time within

1

which to respond to Respondent's motion to dismiss the proceeding. Although Petitioner has shown that an extension is necessary, Petitioner has not shown that a sixty-day period is presently necessary in order to prepare a response.

Good cause appearing, Petitioner is GRANTED thirty days from the date of service of this order in which to respond to Respondent's motion to dismiss.

## II. Deeming the Request for an Extension to Be in Part a Request for an Injunction

In the request for an extension of time, Petitioner requests affirmative relief against the prison litigation department. The Court thus DEEMS the request for an extension of time to be in part a request for an injunction.

## III. Request for an Injunction

Petitioner states that he was charged with murder and placed in administrative segregation at High Desert State Prison as a result of a fight in September. Further, he has been separated from his legal property, and he is given less than two hours per week of access to the prison's law library. Petitioner asks that this Court inquire about the matter, and he requests that the Court order the prison's litigation department to give him access to his legal materials.

After reading the request in its entirety, the Court concludes that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.

It is established that relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 extends to a prisoner who shows that the custody violates the Constitution, laws, or

2

treaties of the United States.  28 U.S.C. § 2241(c)(3).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 adoption.

Because in the request Petitioner seeks to challenge the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus.

Accordingly, it will be recommended that the request for injunctive relief be denied.

IV.  Recommendation

In accordance with the foregoing, it is RECOMMENDED that:

1) Petitioner's request for injunctive relief be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections

with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 15, 2010**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE