1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK JONES JR., | ) 1:10-cv—00068-AWI-SKO-HC |
| | ) |
| Petitioner, | ) ORDER GRANTING AMENDMENT OF THE |
| | ) PETITION TO NAME WARDEN MIKE |
| | ) McDONALD AS RESPONDENT AND |
| v. | ) ORDERING THE CLERK TO SUBSTITUTE |
| | ) MIKE McDONALD AS RESPONDENT |
| MIKE McDONALD, WARDEN, | ) |
| | ) FINDINGS AND RECOMMENDATIONS RE: |
| Respondent. | ) RESPONDENT'S MOTION TO DISMISS |
| | ) (DOC. 18) |
| | ) |
| _____ | ) DEADLINE FOR PETITIONER TO FILE |
| | OBJECTIONS: |
| | |
| | THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Respondent's motion to dismiss the petition because it is a mixed petition containing both exhausted and unexhausted claims. The motion was filed on October 15, 2010. Petitioner filed an opposition and an amended opposition on December 6, 2010, and January 19, 2011. No reply was filed by Respondent.

1

I.   <u>Substitution of Mike McDonald, Warden of High Desert State Prison, as Respondent</u>

In this proceeding, the officer who has custody of the petitioner must be named as the respondent.  28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules).  This is because the respondent must have the power or authority to provide the relief to which a petitioner is entitled.  <u>Smith v. Idaho</u>, 392 F.3d 350, 355 n. 3 (9th Cir. 2004).  A failure to name the proper respondent destroys personal jurisdiction.  <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

However, personal jurisdiction, including the requirement of naming the technically correct custodian under § 2242 and the Habeas Rules, may be forfeited or waived on behalf of the immediate custodian by the relevant government entity, such as the state in a § 2254 proceeding.  <u>Smith v. Idaho</u>, 392 F.3d 350, 355-56, 356 n.4 (9th Cir. 2004).  A court has the discretion to avoid delay and waste of the resources of the court and the parties by recognizing a waiver instead of requiring formal amendment of the petition by the petitioner.  <u>Id.</u> at 356 n.6.

Here, Petitioner initially named Matthew Tate as the Director of Corrections as Respondent.  (Pet. 1.)  However, in the motion to dismiss, Respondent states that the proper respondent is Mike McDonald, the current warden of High Desert State Prison, where Petitioner is incarcerated.  (Mot. 1:20-21, 28.)  Further, the motion is filed on behalf of Respondent Mike McDonald.  (<u>Id.</u>)  Respondent admits having custody of Petitioner pursuant to the 2004 judgment of the Kings County Superior Court.

2

1  (Pet. 1: 23-24.)

2      The Court concludes that any objection to jurisdiction has

3  been waived.  In the exercise of its administrative discretion,

4  the Court finds it appropriate to substitute Warden Mike McDonald

5  as the Respondent in this proceeding.

6      The Clerk is DIRECTED to substitute Warden Mike McDonald as

7  the Respondent in this proceeding.

8      II.  Proceeding by a Motion to Dismiss

9      Because the petition was filed after April 24, 1996, the

10  effective date of the Antiterrorism and Effective Death Penalty

11  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh

12  v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008

13  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

14      A district court must award a writ of habeas corpus or issue

15  an order to show cause why it should not be granted unless it

16  appears from the application that the applicant is not entitled

17  thereto.  28 U.S.C. § 2243.  Rule 4 of the Rules Governing

18  Section 2254 Cases in the United States District Courts (Habeas

19  Rules) permits the filing of "an answer, motion, or other

20  response," and thus it authorizes the filing of a motion in lieu

21  of an answer in response to a petition.  Rule 4, Advisory

22  Committee Notes, 1976 Adoption and 2004 Amendments.  This gives

23  the Court the flexibility and discretion initially to forego an

24  answer in the interest of screening out frivolous applications

25  and eliminating the burden that would be placed on a respondent

26  by ordering an unnecessary answer.  Advisory Committee Notes,

27  1976 Adoption.  Rule 4 confers upon the Court broad discretion to

28  take "other action the judge may order," including authorizing a

3

1  respondent to make a motion to dismiss based upon information

2  furnished by respondent, which may show that a petitioner's

3  claims suffer a procedural or jurisdictional infirmity, such as

4  res judicata, failure to exhaust state remedies, or absence of

5  custody.  Id.

6       In light of the broad language of Rule 4, it has been held

7  in this circuit that motions to dismiss are appropriate in cases

8  that proceed pursuant to 28 U.S.C. § 2254 and present procedural

9  issues that might limit consideration of the merits of the

10 petition.  O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990)

11 (motion to dismiss for failure to raise any issue of federal law

12 based on the insufficiency of the facts as alleged in the

13 petition to justify relief as a matter of law); White v. Lewis,

14 874 F.2d 599, 602-03 (9th Cir. 1989) (procedural default in state

15 court); Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal.

16 1982) (failure to exhaust state remedies considered after receipt

17 of evidence pursuant to Rule 7(a) to clarify whether or not a

18 possible defect, not apparent on the face of the petition, might

19 preclude a hearing on the merits).  It is established in this

20 circuit that the filing of a motion to dismiss is expressly

21 authorized by Habeas Rule 4.  Habeas Rule 4 Advisory Committee

22 Notes, 1976 Adoption and 2004 Amendments; Gutierrez v. Griggs,

23 695 F.2d 1195, 1198 (9th Cir. 1983).

24      The filing of a motion to dismiss instead of an answer was

25 authorized by the Court's order of August 31, 2010, which

26 referred to the possibility of Respondent's filing a motion to

27 dismiss and set forth a briefing schedule if such a motion were

28 filed.  (Order, doc. 9, 4-5.)

Further, Habeas Rule 7 permits the Court to direct the parties to expand the record by submitting additional materials relating to the petition and to authenticate such materials, which may include letters predating the filing of the petition, documents, exhibits, affidavits, and answers under oath to written interrogatories propounded by the judge.  Habeas Rule 7(a), (b).  If, upon expansion of the record, the Court perceives that a defect not apparent on the face of the petition may preclude a hearing on the merits, then the Court may proceed to determine a motion to dismiss.  Hillery v. Pulley, 533 F.Supp. 1189, 1196.

In Blackledge v. Allison, 431 U.S. 63, 80-81 (1977), the United States Supreme Court suggested that summary judgment standards should be used to test whether facially adequate allegations have a sufficient basis in fact to warrant plenary presentation of evidence.  The Court noted that expansion of the record in a given case could demonstrate that an evidentiary hearing is unnecessary, and the Court specifically advised that there might be cases in which expansion of the record would provide evidence against a petitioner's contentions so overwhelming as to justify a conclusion that an allegation of fact does not raise a substantial issue of fact.  Id. at 81.  In such circumstances, the petitioner is entitled to "careful consideration and plenary processing of (his claim,) including full opportunity for presentation of the relevant facts."  Id. at 82-83.

Summary judgment standards were likewise applied in Hillery v. Pulley, 533 F.Supp. 1189, 1197 (E.D.Cal. 1982), where the

Court stated:

> The standards under Rule 56 are well known (footnote
> omitted).  To paraphrase them for purposes of habeas
> proceedings, it may be said that a motion to dismiss a
> petition for habeas corpus made after expansion of
> the record may only be granted when the matters on file
> reveal that there is no genuine issue of material
> fact "which if resolved in accordance with the
> petitioner's contentions would entitle him to relief...
> (citation omitted).  Only if it appears from
> undisputed facts... that as a matter of law petitioner
> is entitled to discharge, or that as a matter of law
> he is not, may an evidentiary hearing be avoided."
> (Citation omitted.)

533 F.Supp. 1197.

    In the present case, the record was expanded in connection

with the motion to dismiss to include facts concerning

Petitioner's presentation of his claims to the state courts.

Pursuant to the foregoing standards, this expansion of the record

may permit summary disposition of the petition without a full

evidentiary hearing.  Further, although the parties disagree on

the application of the law to the facts, it does not appear that

the parties dispute any material facts concerning the pertinent

filings in state court.

    Accordingly, pursuant to Habeas Rule 4, the Court will

review the facts alleged in the petition and as reflected in the

evidentiary materials submitted by the parties in connection with

the motion to dismiss.

    III.   Exhaustion of Petitioner's Claims

        A.   Legal Standards

    A petitioner who is in state custody and wishes to challenge

collaterally a conviction by a petition for writ of habeas corpus

must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and

1  gives the state court the initial opportunity to correct the

2  state's alleged constitutional deprivations. Coleman v.

3  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

4  518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

5  1988).

6        A petitioner can satisfy the exhaustion requirement by

7  providing the highest state court with the necessary jurisdiction

8  a full and fair opportunity to consider each claim before

9  presenting it to the federal court, and demonstrating that no

10  state remedy remains available. Picard v. Connor, 404 U.S. 270,

11  275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

12  1996). A federal court will find that the highest state court

13  was given a full and fair opportunity to hear a claim if the

14  petitioner has presented the highest state court with the claim's

15  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365

16  (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

17  (1992), superceded by statute as stated in Williams v. Taylor,

18  529 U.S. 362 (2000) (factual basis).

19        Additionally, the petitioner must have specifically told the

20  state court that he was raising a federal constitutional claim.

21  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

22  (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala

23  v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

24  133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United

25  States Supreme Court reiterated the rule as follows:

26        In Picard v. Connor, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
27        petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
28        "'opportunity to pass upon and correct' alleged

7

1   violations of the prisoners' federal rights" (some
2   internal quotation marks omitted). If state courts are
    to be given the opportunity to correct alleged violations
3   of prisoners' federal rights, they must surely be
    alerted to the fact that the prisoners are asserting
4   claims under the United States Constitution. If a
    habeas petitioner wishes to claim that an evidentiary
5   ruling at a state court trial denied him the due
    process of law guaranteed by the Fourteenth Amendment,
6   he must say so, not only in federal court, but in state
    court.

7   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

8   further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.

9   2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th

10  Cir. 2001), stating:

11      Our rule is that a state prisoner has not "fairly
        presented" (and thus exhausted) his federal claims
12      in state court unless he specifically indicated to
        that court that those claims were based on federal law.
13      See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
        2000). Since the Supreme Court's decision in Duncan,
14      this court has held that the petitioner must make the
        federal basis of the claim explicit either by citing
15      federal law or the decisions of federal courts, even
        if the federal basis is "self-evident," Gatlin v. Madding,
16      189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
        Harless, 459 U.S. 4, 7... (1982), or the underlying
17      claim would be decided under state law on the same
        considerations that would control resolution of the claim
18      on federal grounds, see, e.g., Hiivala v. Wood, 195
        F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
19      88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
        at 865.
20      ...
        In Johnson, we explained that the petitioner must alert
21      the state court to the fact that the relevant claim is a
        federal one without regard to how similar the state and
22      federal standards for reviewing the claim may be or how
        obvious the violation of federal law is.
23
    Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as
24
    amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.
25
    2001).
26
27      Where none of a petitioner's claims has been presented to

28  the highest state court as required by the exhaustion doctrine,

1   the Court must dismiss the petition.  <u>Raspberry v. Garcia</u>, 448

2   F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,

3   481 (9th Cir. 2001).  Further, where some claims are exhausted

4   and others are not (i.e., a "mixed" petition), the Court must

5   dismiss the petition without prejudice to give Petitioner an

6   opportunity to exhaust the claims if he can do so.  <u>Rose</u>, 455

7   U.S. at 510, 521-22; <u>Calderon v. United States Dist. Court</u>

8   <u>(Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997), <u>en banc</u>, <u>cert.</u>

9   <u>denied</u>, 118 S.Ct. 265 (1997); <u>Greenawalt v. Stewart</u>, 105 F.3d

10  1268, 1273 (9th Cir. 1997), <u>cert. denied,</u> 117 S.Ct. 1794 (1997).

11  However, the Court must give a petitioner an opportunity to amend

12  a mixed petition to delete the unexhausted claims and permit

13  review of properly exhausted claims.  <u>Rose v. Lundy</u>, 455 U.S. at

14  520; <u>Calderon v. United States Dist. Ct. (Taylor)</u>, 134 F.3d 981,

15  986 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 920 (1998); <u>James v.</u>

16  <u>Giles</u>, 221 F.3d 1074, 1077 (9th Cir. 2000).

17        B.  <u>Petitioner's Claims</u>

18            1.  <u>Procedural Background</u>

19        Petitioner is serving a sentence of fifty-two (52) years to

20  life imposed by the Kings County Superior Court in case number

21  03CM7616 for attempted murder, assault with a deadly weapon,

22  robbery, and burglary involving the use of firearms.  (Pet. 1, 8;

23  Mot. 1-2.)  Before trial, Petitioner's retained trial counsel

24  notified the court of concerns that Petitioner was incompetent;

25  the court suspended criminal proceedings pursuant to Cal. Pen.

26  Code § 1368 and ordered a competency hearing.  Defendant sought

27  to waive counsel and proceed pro se.  The trial court determined

28  that Petitioner was competent to waive his right to counsel and

9

to represent himself, and that he made a knowing and voluntary

waiver of his right to counsel.  The court granted Petitioner's

motion to represent himself.  The Court then commenced a § 1368

competency hearing, at which Petitioner represented himself,

waived a jury trial, and submitted the competency issue on two

medical reports.  The trial court found that Petitioner was

competent to stand trial, and Petitioner continued to represent

himself throughout trial.  (LD 4, 2-3.)

On November 14, 2006, in Petitioner's initial appeal from

the judgment of conviction (California Court of Appeal, Fifth

Appellate District, case no. F046435), the state intermediate

appellate concluded that the trial court's ruling on the motion

for self-representation while a competency hearing was pending

was a violation of Petitioner's Sixth and Fourteenth Amendment

rights to counsel.  It also noted that Petitioner had been

entitled to be represented by counsel at the competency hearing

pursuant to Cal. Pen. Code § 1368(a).  Without considering the

other issues raised by Petitioner, the Court of Appeal remanded

the matter to the trial court to determine whether or not a

retrospective competency hearing was feasible; if feasible, to

conduct the hearing, and if Petitioner were found competent to

stand trial, to reinstate the judgment.  (Mot. 2; LD 4, 2-8.)[1]

The trial court found that a retrospective competency

hearing was feasible, held a trial on Petitioner's competence,

found him competent, and reinstated the judgment.  (L.D. 9, 2.)

---

[1]  "LD" refers to the numbers assigned in Respondent's "NOTICE OF
LODGING," received on October 15, 2010, to the documents submitted to the
Court by Respondent in connection with the motion to dismiss.

On January 26, 2009, in Petitioner's second appeal (no. F053127), the state intermediate appellate court considered issues pertaining to the guilt trial as well as the competency determinations made on remand, and affirmed the judgment of conviction.  (Id. at 2-10.)

A petition for review filed in the California Supreme Court on February 26, 2009, was denied on April 22, 2009 (no. S170257). (LD 12, 13.)

On February 24, 2009, Petitioner filed a petition for writ of habeas corpus in the state intermediate appellate court, which was denied on April 7, 2009.  (LD 10, 11.)

On April 24, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court (no. S172355) (LD 14), which was denied on October 15, 2010 (LD 15).

2.  Exhaustion of Specific Claims

Reference to the documentation before the Court reflects that Petitioner raised numerous claims before the California Supreme Court.

Petitioner claimed that upon remand, the trial court applied the standard for competence to stand trial which was insufficient to determine competence to waive the right to counsel because it did not address Petitioner's actual understanding of the significance and consequences of the decision to waive counsel and represent himself.  Petitioner further argued that he was entitled to a jury trial on the issue of competence to act as his own attorney.  (LD 12 at 2-3, 11.)

Petitioner raised the following claims in his habeas petition in the California Supreme Court:  1) appellate counsel

Charles M. Bonneau rendered ineffective representation because he a) failed to raise arguable issues on appeal, such as the trial court's denial of Petitioner's motion for counsel of choice on appeal, etc. (LD 14, 2-3), and b) failed to raise the issues in the petition for review (LD 14, 4); 2) the appellate court erred and deprived Petitioner of procedural due process by not responding to Petitioner's issue concerning the trial court's failure properly to respond to Petitioner's motion for ancillary funds (LD 14 at 3, 5); 3) the trial court erred and violated Petitioner's rights to equal protection of the laws under the Sixth and Fourteenth Amendments by a) denying Petitioner's motion to quash the impaneled jury, and b) not including a questionnaire in the appellate transcript (LD 14 at 3, 6); 4) appellate counsel Charles M. Bonneau rendered ineffective representation and violated Petitioner's rights under the Sixth and Fourteenth Amendments by failing to raise an arguable issue on appeal concerning the trial court's failure properly to respond to Petitioner's motion for ancillary funds (LD 14 at 3, 7); and 5) in violation of Petitioner's Sixth and Fourteenth Amendment rights, appellate counsel Charles M. Bonneau failed to raise in the petition for review an arguable issue concerning the trial court's failure to appoint counsel of choice for Petitioner (LD 14, 4).

        C.   <u>Claims Raised in the Petition before the Court</u>

    Petitioner first alleges that the appellate court erred in not reversing Petitioner's case when it found that Petitioner was denied counsel in a competency proceeding.  (Pet. 12.)

///

Respondent interprets this contention as an assertion that the appellate court erred in not reversing on all grounds raised in the initial appeal, as opposed to reversing on only one ground.  (Mot. 4:19-23.)  However, it does not appear that the appellate court reversed the judgment; rather, it directed a limited remand for the purpose of determinations concerning the feasibility of a retrospective competency hearing and related proceedings.  The appellate court expressly left the determination as to whether or not the judgment would be reversed or affirmed to the trial court.  (LD 4, 7-8.)

Viewing the claim in context, Petitioner appears to contend that once the appellate court found that Petitioner had been denied counsel in a competency proceeding, it should have reversed the judgment of conviction, as distinct from choosing the remedy of a limited remand that would eventually result in a determination by the trial court of whether or not the judgment of conviction would be reversed.  This contention was not raised in the petition for review or the petition for writ of habeas corpus.  Thus, Petitioner did not exhaust his state court remedies as to this claim.

In his second claim, Petitioner alleges that on remand, the trial court erred by finding that a retrospective competency determination was feasible, and by placing the burden on Petitioner to prove incompetence.  (Pet. 12.)  Petitioner did not present these issues to the California Supreme Court.  Thus, these claims are not exhausted.

In the third claim, Petitioner alleges that the appellate court erred in the initial appeal by not responding to the other

13

grounds raised in the opening brief in that proceeding.  (Pet

12.)  The grounds Petitioner refers to in the petition include

the absence of representation by counsel at the competency

hearings, the argument that a retrospective competency hearing

would not remedy the situation, the trial court's failure to

perform its duty to revoke Petitioner's pro se status when it was

apparent that he was unable or unwilling to abide by procedural

rules, motions to disqualify judges and for ancillary services,

the erroneous failure of the trial court to appoint another judge

to determine what ancillary funds would be granted to Petitioner,

the trial court's holding of hearings on funding in the presence

of the County Counsel and permitting County Counsel to argue

against funding, and the trial court's improper response to the

motion for ancillary funds under California case law and

statutory law.  (Pet. 12.)

       In his habeas petition, Petitioner argued to the California

Supreme Court that the appellate court deprived Petitioner of

procedural due process by not responding to Petitioner's

contention concerning the trial court's failure to respond

properly to Petitioner's motion for ancillary funds.  (LD 14 at

3, 5.)  It does not appear that Petitioner presented to the

California Supreme court the appellate court's failure to

consider any of the other issues that did not pertain to the

motion for ancillary funds and that were omitted from the

appellate court's opinion in the initial appeal.

       Therefore, with respect to Petitioner's contentions

concerning the alleged denial of procedural due process resulting

from the appellate court's failure to address additional issues

raised in the initial appeal, only the portion of the claim concerning the trial court's treatment of and ruling on Petitioner's motion for ancillary funds was exhausted.

Petitioner's fourth claim in the petition before the Court is that the appellate remand to the trial court and the competency trial held on remand were improperly limited to Petitioner's competence to stand trial, and did not include adequate consideration of Petitioner's competence to assist counsel or waive counsel. (Pet. 12.) These issues were presented to the California Supreme Court in the petition for review, and are thus exhausted.

In the fifth claim, Petitioner alleges that the trial court failed to explain to Petitioner that he had a right to appointed counsel during the competency hearing. (Pet. 12.)  This issue was not presented to the California Supreme Court, and thus it is not exhausted.

In the sixth claim, Petitioner argues that the trial court erred in not appointing Petitioner his counsel of choice for the competency proceedings on remand. (Pet. 12-13.) Petitioner did not present this claim to the California Supreme Court. Although Petitioner argued to that court that his appellate counsel had rendered ineffective assistance by not raising the issue of denial of counsel of choice, the specific issue of denial of counsel of choice in the remanded proceedings was not actually presented to the California Supreme Court. (LD 14, 2-4.) Thus, the claim is not exhausted.

In the seventh claim, Petitioner contends that the trial court erred by finding that the prosecution had demonstrated that

two doctors' reports constituted a preponderance of the evidence. (Pet. 13.)   This contention is reasonably understood as relating to evidence of competence.   Petitioner did not present this claim to the California Supreme Court, and thus, it is not exhausted.

In the eighth claim, Petitioner alleges that the trial court erred by not appointing counsel during the competency hearing and then, after remand, appointing a "Conflict of Int[e]rest Counsel" over Petitioner's objections and despite three <u>Marsden</u> hearings. (Pet. 13.)   It is apparent from the appellate opinion following the remand that on remand, counsel was appointed for Petitioner. (LD 9, 2.)   Thus, this claim must refer to the first competency hearing.   Petitioner did not present this issue to the California Supreme Court.   Insofar as Petitioner complains of the counsel who was appointed on remand, Petitioner's complaint was not presented to the California Supreme Court.   Thus, Petitioner's eighth claim was not exhausted.

In the ninth claim, Petitioner alleges that during the competency proceedings after remand, the trial court erred by placing the burden of proof on Petitioner instead of requiring an affirmative showing of competency by the prosecution.   (Pet. 13.) Petitioner did not present this issue to the California Supreme Court.   Thus, the claim is not exhausted.

In the tenth claim, Petitioner alleges that the lower courts overlooked Petitioner's claim pursuant to <u>People v. James Ary, Jr.</u>, 173 Cal.App.4th 80 (2009).   (Pet. 13.)   Review has been granted in that case, which is now depublished.   The case concerned the burden of proof in retrospective competency hearings.   Petitioner's claim in the petition before the Court

1   is unclear and uncertain.  However, Petitioner did not present a

2   claim concerning this case to the California Supreme Court.[2]

3   Although Petitioner claims that he did so by a supplemental

4   affidavit or declaration to a petition, a review of the dockets

5   of the Supreme Court in cases that could possibly pertain to

6   Petitioner (nos. S136706, S126290, S170257, and S172355) reveals

7   no supplemental submissions.[3]  Thus, the Court concludes that

8   this claim was not exhausted.

9        Petitioner points to portions of the petition for writ of

10  habeas corpus filed in the California Supreme Court in which he

11  summarized not the grounds raised to that court, but rather the

12  grounds he had earlier raised in separate proceedings in the

13  intermediate state appellate court.  Petitioner claims that this

14  summary reference was sufficient to present the grounds to the

15  California Supreme Court.  For example, with respect to his claim

16  that the appellate court erred in the first appeal by not

17  considering all of his grounds, Petitioner identified this ground

18  in the state habeas petition as one that was raised in an appeal.

19  (LD 14, 8.)  However, in the pertinent portion of the habeas

20  petition where grounds for relief raised in that very proceeding

21  were to be stated, Petitioner referred specifically only to the

22  appellate court's failure to respond to Petitioner's appellate

23

24        [2] A predecessor of the case, People v. Ary, 118 Cal.App.4th 1016 (2004),
25  was cited in the petition for review in connection with an argument concerning
    the inadequacy of the retrospective competency determination.  (LD 12, 13.)

26        [3] The Court may take judicial notice of court records.  Fed. R. Evid.
27  201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993);
    Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978),
28  aff'd, 645 F.2d 699 (9th Cir. 1981).

1   issue concerning the trial court's mishandling of Petitioner's

2   motion for ancillary funds.  (LD 14 at 2, 5.)  There was no

3   mention of the several other issues that were likewise not

4   mentioned by the Court of Appeal.

5        To satisfy the exhaustion requirement, the petitioner must

6   have fairly presented the substance of his federal claim to the

7   state courts.  It is not necessary to identify any specific

8   constitutional provision, but a petitioner is expected to present

9   the state court with all the operative facts giving rise to the

10  asserted constitutional principle.  <u>Chacon v. Wood</u>, 36 F.3d 1459,

11  1467-68 (9th Cir. 1994), <u>superseded</u> <u>by</u> <u>statute</u> <u>on</u> <u>other</u> <u>grounds</u>,

12  28 U.S.C. § 2253.  A change in facts alleged in a claim does not

13  affect exhaustion if the facts are merely supplemental, but it

14  renders a claim unexhausted if the differences fundamentally

15  alter the legal claim.  <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257-58,

16  260 (1986).

17       Here, Petitioner did not present to the California Supreme

18  Court all the specific issues which he considered to have been

19  improperly disregarded by the appellate court; he merely

20  mentioned one such issue.  The issue raised concerned the trial

21  court's ruling on his motion for ancillary funds; the other

22  issues included representation by counsel at a competency

23  hearing, the inadequacy of the remedy of a retrospective

24  competency hearing, revocation of Petitioner's pro se status, and

25  motions to disqualify judges.  The factual predicates of the

26  various claims are widely divergent.

27       To add to this petition numerous sub-issues based on

28  different facts would permit Petitioner to bypass presentation of

18

1  claims to the state's highest court so long as one of a category

2  of issues was presented.  This is inconsistent with the

3  principles upon which the exhaustion doctrine rests.

4        Further, it is established that a reference to a second

5  source or document where additional issues might be raised is not

6  sufficient to constitute presentation of a claim.  Generally a

7  state prisoner does not fairly present a claim to a state court

8  if, in order to find the material in question, that court must

9  read beyond a petition, brief, or similar document that does not

10 itself alert the court to the presence of a federal claim.

11 Baldwin v. Reese, 541 U.S. 27, 32 (2004); accord, Castillo v.

12 McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) (a statement of an

13 issue in motions and briefing in the trial court was held not

14 sufficient to alert an appellate court to the issue); Robinson v.

15 Kramer, 588 F.3d 1212, 1217 (9th Cir. 2009) (a trial transcript

16 reflecting the raising of an issue was not alone sufficient to

17 present the claim to the appellate court).  Presenting an issue

18 to the state intermediate appellate court does not constitute

19 presentation to the California Supreme Court.

20       The Court notes that Petitioner represents that Respondent

21 has agreed that the petition is timely and that reversal is

22 required for some of Petitioner's claims.  (Opp. [doc. 23], 10-

23 11.)  The Court has reviewed the motion to dismiss and concludes

24 that Respondent has not conceded that the petition is timely or

25 that Petitioner is entitled to relief.

26       The Court thus concludes that some of Petitioner's claims

27 are exhausted, and some are not.

28 ///

1          IV.   <u>Delay in Petitioner's Access to Legal Materials</u>

2          In his initially filed opposition, Petitioner declared that

3  after the motion to dismiss was filed on October 15, 2010,

4  Petitioner sought a sixty-day extension of time to oppose the

5  motion because involvement in an altercation in prison resulted

6  in Petitioner's being charged with the murder of another prisoner

7  and placement in segregated housing; Petitioner prepared the

8  opposition from memory because he was not allowed access to his

9  legal materials.  (Doc. 23, 13-15.)  In his supplemental

10 opposition filed on January 19, 2011, Petitioner states that

11 although he received some of his legal materials, he had not had

12 sufficient time to go through them.  Nevertheless, he

13 supplemented his opposition by referring to the petition for writ

14 of habeas corpus that he filed in the California Supreme Court.

15 (Doc. 24.)  Petitioner did not request any further extension of

16 time.  In view of the nature of the issues presented in this

17 motion and Petitioner's ability to file an opposition, it does

18 not appear that the temporary restriction of Petitioner's access

19 to his legal materials has affected his ability to respond to the

20 motion.

21         V.   <u>Recommendation</u>

22         In summary, the Court concludes that the petition is a mixed

23 petition.

24         Where none of a petitioner's claims has been presented to

25 the highest state court as required by the exhaustion doctrine,

26 the Court must dismiss the petition.  <u>Raspberry v. Garcia</u>, 448

27 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478,

28 481 (9th Cir. 2001).  Further, where some claims are exhausted

and others are not (i.e., a "mixed" petition), the Court must
dismiss the petition without prejudice to give Petitioner an
opportunity to exhaust the claims if he can do so.  <u>Rose</u>, 455
U.S. at 510, 521-22; <u>Calderon v. United States Dist. Court
(Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997), <u>en banc</u>, <u>cert.
denied</u>, 118 S.Ct. 265 (1997); <u>Greenawalt v. Stewart</u>, 105 F.3d
1268, 1273 (9th  Cir. 1997), <u>cert. denied,</u> 117 S.Ct. 1794 (1997).
However, the Court must give a petitioner an opportunity to amend
a mixed petition to delete the unexhausted claims and permit
review of properly exhausted claims.   <u>Rose v. Lundy</u>, 455 U.S. at
520; <u>Calderon v. United States Dist. Ct. (Taylor)</u>, 134 F.3d 981,
986 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 920 (1998); <u>James v.
Giles</u>, 221 F.3d 1074, 1077 (9th Cir. 2000).

   The instant petition is a mixed petition containing
exhausted and unexhausted claims.  The Court must dismiss the
petition without prejudice unless Petitioner withdraws the
unexhausted claims and proceeds with the exhausted claims in lieu
of suffering dismissal.

   Therefore, it is RECOMMENDED that:

   1)  The Court GRANT Petitioner thirty (30) days from the
date of service of this order to file a motion to withdraw the
unexhausted claims; and

   2)  The Court INFORM Petitioner that in the event that
Petitioner does not file such a motion within the pertinent time
period, the Court will assume Petitioner desires to return to
state court to exhaust the unexhausted claims and will therefore
grant the motion to dismiss and will dismiss the petition without

1    prejudice.[4]

2          These findings and recommendations are submitted to the

3    United States District Court Judge assigned to the case, pursuant

4    to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

5    the Local Rules of Practice for the United States District Court,

6    Eastern District of California.  Within thirty (30) days after

7    being served with a copy, any party may file written objections

8    with the Court and serve a copy on all parties.  Such a document

9    should be captioned "Objections to Magistrate Judge's Findings

10   and Recommendations."  Replies to the objections shall be served

11   and filed within fourteen (14) days (plus three (3) days if

12   served by mail) after service of the objections.  The Court will

13   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

14   636 (b)(1)(C).  The parties are advised that failure to file

15   objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

17

18          [4] Petitioner is informed that a dismissal for failure to exhaust will not
19   itself bar him from returning to federal court after exhausting his available
     state remedies.  However, this does not mean that Petitioner will not be
20   subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).
     Although the limitations period is tolled while a properly filed request for
21   collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not
     tolled for the time an application is pending in federal court.  Duncan v.
22   Walker, 533 U.S. 167, 172 (2001).
          Petitioner is further informed that the Supreme Court has held in
     pertinent part:
23        [I]n the habeas corpus context it would be appropriate
          for an order dismissing a mixed petition to instruct an
24        applicant that upon his return to federal court he is to
          bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a)
25        and (b).  Once the petitioner is made aware of the exhaustion
          requirement, no reason exists for him not to exhaust all potential
26        claims before returning to federal court.  The failure to comply
          with an order of the court is grounds for dismissal with prejudice.
          Fed. Rules Civ. Proc. 41(b).
27   Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is
     forewarned that in the event he returns to federal court and files a mixed
28   petition of exhausted and unexhausted claims, the petition may be dismissed
     with prejudice.

1  1153 (9th Cir. 1991).

2

3  IT IS SO ORDERED.

4  **Dated:    February 23, 2011                    /s/ Sheila K. Oberto**
                                     UNITED STATES MAGISTRATE JUDGE