UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK JONES JR., | 1:10-cv—00068-AWI-SKO-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S REQUEST FOR AN ORDER TO PRISON STAFF TO RETURN HIS PROPERTY (Doc. 22) |
| v. | |
| DIRECTOR OF CORRECTIONS MATTHEW TATE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's motion for return of legal property, which was filed on November 29, 2010.[1]

I.   Motion for Injunctive Relief

Petitioner previously filed a request for an injunction against prison staff in connection with access to Petitioner's legal property (doc. 20).  The previous request was denied

---

[1] Petitioner's motion includes a request for the appointment of counsel, which was ruled on by a separate order on March 2, 2011.

1

because it constituted a claim concerning the conditions of Petitioner's confinement, as distinct from a claim concerning the legality or duration of that confinement, which would be cognizable in a proceeding pursuant to 28 U.S.C. § 2254. (Docs. 21, 25.)

In his motion, Petitioner states that he remains in administrative segregation at High Desert State Prison as a result of a fight in September, and has been separated from his legal property to which he would like to have access to prepare a response to Respondent's motion to dismiss filed on October 15, 2010. Petitioner thus seeks injunctive relief in the form of a court order to prison officials to give Petitioner access to his property.

After reading the request in its entirety, the Court concludes that Petitioner is challenging the conditions of his confinement, and not the fact or duration of that confinement.

Relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 extends to a prisoner who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Note to Rule 1 of the Rules Governing Section 2254 Cases (Habeas Rules), 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S.

136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Note to Habeas Rule 1, 1976 adoption.

Because Petitioner challenges the conditions of his confinement, and not the legality or duration of his confinement, these particular claims are cognizable in a civil rights action rather than a petition for writ of habeas corpus. Further, Petitioner's present application essentially duplicates his previous application for injunctive relief because it seeks to have this Court order the litigation/appeals coordinator give Petitioner access to his legal property.

Finally, the Court notes that Petitioner filed opposition to the motion to dismiss on December 6, 2010, and January 19, 2011. Thus, to the extent that Petitioner's request for injunctive relief was based on a need to respond to the motion to dismiss, Petitioner's motion for injunctive relief is moot.

Accordingly, it will be recommended that the request for injunctive relief be denied.

II. Recommendation

In accordance with the foregoing, it is RECOMMENDED that Petitioner's motion for an order to return his legal property be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 6, 2011**                     /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE