UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDRICK JONES JR., | ) | 1:10-cv—00068-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER RE: FINDINGS AND |
| | ) | RECOMMENDATIONS RE: RESPONDENT'S |
| | ) | MOTION TO DISMISS THE PETITION |
| v. | ) | (DOCS. 26, 18) |
| | ) | |
| MIKE McDONALD, WARDEN, | ) | ORDER ADOPTING FINDINGS THAT THE |
| | ) | PETITION IS A MIXED PETITION |
| Respondent. | ) | CONTAINING SPECIFIC EXHAUSTED AND |
| | ) | UNEXHAUSTED CLAIMS (DOC. 26, 1) |
| | ) | |

ORDER DENYING IN PART RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 18)

ORDER REFERRING THE ACTION TO THE MAGISTRATE JUDGE FOR CONSIDERATION OF PETITIONER'S MOTION FOR A STAY (DOC. 32)

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 304. Pending before the Court are findings and recommendations filed on February 24, 2011, to grant Respondent's motion to dismiss the petition as a "mixed" petition containing both exhausted and unexhausted claims, and 2) Petitioner's

1

objections to the findings and recommendations, filed on June 3, 2011, which included his motion for a stay of the proceedings.

I. <u>Background</u>

Petitioner's claims in this case concern a criminal conviction and errors allegedly occurring during the pretrial and trial proceedings as well as during a limited remand ordered upon an initial appeal from the conviction in which the trial court was directed to determine if a retrospective competency hearing was feasible, to hold a retrospective hearing if possible, and to affirm the judgment of conviction if Petitioner were found to be competent.

Respondent filed a motion to dismiss the petition on October 15, 2010. In the findings and recommendations concerning the motion that were filed by the Magistrate Judge, it was concluded that the following claims raised in the petition were exhausted: 1) Petitioner's third claim that the appellate court erred in the initial appeal by not responding to Petitioner's issue concerning the trial court's ruling on his motion for ancillary funds; and 2) Petitioner's fourth claim that the appellate remand to the trial court and the competency trial held on remand were improperly limited to Petitioner's competence to stand trial, and did not include adequate consideration of Petitioner's competence to assist counsel or waive counsel.

However, it was concluded that the following claims raised in the petition had not been presented to the California Supreme Court and thus were not exhausted: 1) Petitioner's first claim that in the initial appeal, the appellate court erred by remanding, but not reversing, the judgment in Petitioner's case

2

when it found that Petitioner was denied counsel in a competency proceeding; 2) Petitioner's second, two-part claim that on remand, the trial court erred by finding that a retrospective competency determination was feasible, and by placing the burden on Petitioner to prove incompetence; 3) Petitioner's third claim that the appellate court erred in the initial appeal by not responding to grounds raised in the opening brief that included the absence of representation by counsel at the competency hearings, the argument that a retrospective competency hearing would not remedy the situation, the trial court's failure to perform its duty to revoke Petitioner's pro se status when it was apparent that he was unable or unwilling to abide by procedural rules, motions to disqualify judges and for ancillary services, the erroneous failure of the trial court to appoint another judge to determine what ancillary funds would be granted to Petitioner, the trial court's holding of hearings on funding in the presence of the County Counsel and permitting County Counsel to argue against funding, and the trial court's improper response to the motion for ancillary funds under California case law and statutory law; 4) Petitioner's fifth claim that the trial court failed to explain to Petitioner that he had a right to appointed counsel during the competency hearing; 5) Petitioner's sixth claim that the trial court erred in not appointing Petitioner his counsel of choice for the competency proceedings on remand; 6) Petitioner's seventh claim that the trial court erred by finding that the prosecution had demonstrated that two doctors' reports constituted a preponderance of the evidence of competence; 7) Petitioner's eighth, two-part claim that the trial court erred by

not appointing counsel during the first competency hearing and then, after remand, by appointing a "Conflict of Int[e]rest Counsel" over Petitioner's objections and despite three Marsden hearings (pet. 13); 8) Petitioner's ninth claim (apparently a repetition of the second portion of his second claim) that during the competency proceedings after remand, the trial court erred by placing the burden of proof on Petitioner instead of requiring an affirmative showing of competency by the prosecution; and 9) Petitioner's tenth claim that the lower courts overlooked Petitioner's claim pursuant to People v. James Ary, Jr., 173 Cal.App.4th 80 (2009).

In the findings and recommendations, the Magistrate Judge recommended that the Court grant Petitioner thirty (30) days to file a motion to withdraw the unexhausted claims; if Petitioner did not file such a motion, the Court would assume that Petitioner desired to return to state court to exhaust the unexhausted claims, and the Court would grant the motion to dismiss and would dismiss the petition without prejudice.

The findings and recommendations were served on Petitioner on February 24, 2011.

Pursuant to Petitioner's motion for an extension of time to file objections, the Court extended the deadline until on or about May 10, 2011.  (Doc. 30.)  On June 3, 2011, Petitioner filed objections along with a motion for a stay and abeyance of the action.  The objections and request for stay were served on Respondent on May 31, 2011.  (Doc. 32, 52.)  In the objections, Petitioner detailed his problems gaining access to the law library and receiving notice of the action taken on his request

4

for an extension of time to file objections.  (Doc. 32, 2.) Respondent has not raised any argument concerning alleged untimeliness of the objections.  The Court thus considers Petitioner's objections to be timely.

Although the findings and recommendations granted Respondent fourteen days to reply to any objections, Respondent has not replied to the objections despite the passage of the fourteen-day period for doing so.

It is further noted that pursuant to local rules, the time for filing an opposition to the motion for a stay has passed, but no opposition has been filed by Respondent.

II.   Adoption of the Magistrate Judge's Findings and Recommendations

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. The undersigned has carefully reviewed the entire file and has considered the objections; the undersigned has determined there is no need to modify the findings and recommendations based on the points raised in the objections.  The Court finds that the report and recommendation is supported by the record and proper analysis with respect to the findings that Petitioner exhausted some claims in the petition but failed to exhaust state court remedies with respect to other claims in the petition.

However, after the Magistrate Judge filed the findings and recommendations, Petitioner filed a motion for a stay of the petition in order to permit Petitioner to exhaust state court remedies without complying with the recommendation of the Magistrate Judge, which was to require Petitioner to amend the

5

petition to withdraw unexhausted claims before proceeding with the petition. Petitioner thus appears to be seeking a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Petitioner seeks relief in the motion for a stay that relates to and potentially affects the Respondent's prayer for dismissal in the motion to dismiss. Further, in view of Respondent's failure to file opposition to the motion for a stay, the motion is ripe for decision.

Accordingly, the Court will adopt the findings of the Magistrate Judge concerning the mixed nature of the petition and the claims alleged therein.

However, in view of the pendency of Petitioner's motion for a Rhines stay, the Court will decline to adopt the Magistrate Judge's recommendation that the Court order the immediate amendment of the petition or dismissal of the case. Instead, the Court will refer motion for a stay to the Magistrate Judge, who can consider and decide the question of the appropriate disposition of the mixed petition upon consideration of Petitioner's motion for a stay.

Accordingly, it is ORDERED that:

1) The findings and recommendations filed on February 24, 2011, are ADOPTED in part insofar as they determine that Petitioner's petition is a mixed petition containing specific, exhausted and unexhausted claims; and

2) Respondent's motion to dismiss the petition is DENIED in part insofar as Respondent sought by the motion the immediate amendment or dismissal of the petition; and

3) The case is REFERRED to the Magistrate Judge for

6

consideration and determination of Petitioner's motion for a stay of the proceedings to permit him to exhaust claims without amending the petition to delete unexhausted claims.

IT IS SO ORDERED.

Dated:   September 11, 2011

CHIEF UNITED STATES DISTRICT JUDGE