UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK JONES, JR., | 1:10-CV-00068 AWI BAM HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS [Doc. #32] |
| v. | ORDER GRANTING PETITIONER THIRTY (30) DAYS TO FILE MOTION TO WITHDRAW UNEXHAUSTED CLAIMS |
| MIKE McDONALD, Warden, | |
| Respondent. | THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 13, 2010, Petitioner filed a petition for writ of habeas corpus. After conducting a preliminary review of the petition, on August 31, 2010, the Court issued an order directing Respondent to file a response to the petition. On October 15, 2010, Respondent filed a motion to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. Petitioner filed an opposition on December 6, 2010, and Respondent did not file a reply. On February 24, 2011, the Court issued a Findings and Recommendation that recommended Respondent's motion to dismiss be GRANTED. Petitioner filed objections and a motion for stay and abeyance on June 3, 2011. On September 12, 2011, the District Court adopted the Findings and Recommendation but referred the matter back to the undersigned for determination of Petitioner's motion for stay and

1  abeyance.

## DISCUSSION

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005). Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

In this case, the Court does not find good cause to excuse Petitioner's failure to exhaust. Petitioner had multiple opportunities to present this claim to the state courts: the claims could have been raised in the petition for review to the California Supreme Court on February 26, 2009, following Petitioner's two appeals; or the claims could have been presented in the subsequent round of collateral review in the state courts. In each instance, Petitioner failed to do so. Staying the case at this juncture in order to allow Petitioner to pursue another round of review in the state courts frustrates AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id.  Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

Consistent with the District Court's order of September 12, 2011, which determined the petition to be a mixed petition containing unexhausted claims, Petitioner is granted thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims.  In the event he fails to file said motion, Petitioner is advised that Respondent's motion to dismiss will be granted and the petition will be dismissed without prejudice to allow Petitioner to return to state court to exhaust his state remedies.[1]

---

[1] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhaustion of available state remedies.  However, this does not mean that Petitioner will not be subject to the statute of limitations imposed by 28 U.S.C. § 2244(d).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for stay and abeyance is DENIED; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this Order to file a motion to withdraw unexhausted claims.

IT IS SO ORDERED.

Dated:   November 9, 2011              /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE