UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, JR., | 1:10-CV-00068 AWI BAM HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW UNEXHAUSTED CLAIMS |
| v. | [Doc. #40] |
| MIKE McDONALD, Warden, | ORDER DIRECTING RESPONDENT TO FILE AN ANSWER |
| Respondent. | ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 12, 2011, the District Court determined the instant petition to be a mixed petition containing exhausted and unexhausted claims. The matter was referred back to the magistrate judge for consideration of Petitioner's motion for stay of the proceedings. On November 10, 2011, this Court denied Petitioner's motion for stay. Petitioner was granted leave to file a motion to withdraw his unexhausted claims in lieu of dismissal. On November 29, 2011, Petitioner moved to withdraw the unexhausted claims. Petitioner's motion will be granted and Respondent will be directed to file an answer to the exhausted claims.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of

the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Petitioner's motion to withdraw the unexhausted claims is GRANTED;

2. Respondent is DIRECTED to FILE a RESPONSE to the Petition within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response).

3. Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l).  Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **December 6, 2011**               /s/ **Barbara A. McAuliffe**
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed.R.Civ.P. 81(a)(4). Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.