1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

11  FREDERICK JONES, SR.,                    1:10-CV-00068 AWI BAM HC

12              Petitioner,                  FINDINGS AND RECOMMENDATION
                                             REGARDING PETITION FOR WRIT OF
13                                           HABEAS CORPUS
        v.
14                                           FINDINGS AND RECOMMENDATION
                                             REGARDING PETITIONER'S MOTION FOR
15  MIKE McDONALD,                           ORAL ARGUMENT
                                             [Doc. #50]
16              Respondent.
                                     /       [THIRTY DAY DEADLINE]
17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20                                        **BACKGROUND**

21          Petitioner is currently in the custody of the California Department of Corrections pursuant

22  to a judgment of the Superior Court of California, County of Kings, following his conviction by

23  jury trial on August 31, 2004, of attempted murder, discharging a firearm at an occupied motor

24  vehicle, robbery, assault with a deadly weapon, and residential burglary.  (CT[1] 1119, 1121; See

25  Lodged Doc. No. 9.)  The jury also found true various firearm allegations, a prior conviction

26  allegation and a prior prison term allegation.  (CT 1119, 1121; See Lodged Doc. No. 9.)  On

27

28
        _____
        [1]"CT" refers to the Clerk's Transcript on Appeal.

                                                 1

1    September 29, 2004, Petitioner was sentenced to a prison term of fifteen years to life plus a

2    consecutive term of thirty-seven years.  (CT 1119, 1121; See Lodged Doc. No. 9.)

3           Petitioner filed a timely notice of appeal.  On November 14, 2006, the California Court of

4    Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), determined that the trial court had

5    erred by allowing Petitioner to waive his right to counsel while the issue of competence was still

6    pending. (See Lodged Doc. No. 4.)  The matter was referred back to the trial court with

7    instruction that the court determine whether a retrospective competency hearing could be held.

8    (See Lodged Doc. No. 4.)  On remand, a feasibility hearing was held and it was determined that a

9    retrospective competency hearing was feasible.  (See Lodged Doc. No. 9.)  A jury heard evidence

10   and determined that Petitioner had been competent to stand trial.  (See Lodged Doc. No. 9.)  The

11   trial court issued an order affirming the prior judgment of conviction.  (See Lodged Doc. No. 9.)

12          Petitioner then appealed a second time.  On January 26, 2009, the Fifth DCA affirmed the

13   judgment.  (See Lodged Doc. No. 9.)  Petitioner then filed a petition for review in the California

14   Supreme Court.  (See Lodged Doc. No. 12.)  On April 22, 2009, the petition was summarily

15   denied.  (See Lodged Doc. No. 13.)

16          Petitioner also filed collateral challenges with respect to the judgment.  On February 29,

17   2009, he filed a petition for writ of habeas corpus in the Fifth DCA.  (See Lodged Doc. No. 10.)

18   On April 7, 2009, the petition was summarily denied.  (See Lodged Doc. No. 11.)  Petitioner then

19   filed a petition for writ of habeas corpus in the California Supreme Court on April 24, 2009.

20   (See Lodged Doc. No. 14.)  On September 30, 2009, the petition was denied.  (See Lodged Doc.

21   No. 15.)

22          On January 13, 2010, Petitioner filed the instant federal habeas petition presenting several

23   claims.  Respondent moved to dismiss the petition as a mixed petition containing exhausted and

24   unexhausted claims.  On September 12, 2011, the District Court issued an order finding the

25   petition to be a mixed petition containing both exhausted and unexhausted claims.  The matter

26   was referred back to the Magistrate Judge for consideration of Petitioner's motion for stay of

27   proceedings.  On November 10, 2011, the undersigned denied the motion for stay and granted

28   Petitioner an opportunity to withdraw the unexhausted claims and proceed with the exhausted

1  claims.  Petitioner then moved to withdraw the unexhausted claims, and on December 8, 2011,

2  the motion was granted.  Respondent was directed to file an answer to the following remaining

3  claims: 1) Petitioner's third claim that the appellate court erred in the initial appeal by not

4  responding to Petitioner's issue concerning the trial court's ruling on his motion for ancillary

5  funds; and 2) Petitioner's fourth claim that the appellate court remand to the trial court and the

6  competency trial held on remand were improperly limited to Petitioner's competence to stand

7  trial, and did not include adequate consideration of Petitioner's competence to assist counsel or

8  waive counsel.  On February 7, 2012, Respondent filed an answer.  On April 10, 2012, Petitioner

9  filed a traverse along with a motion for oral argument.

10                                              **DISCUSSION**

11  I.       Jurisdiction

12          Relief by way of a petition for writ of habeas corpus extends to a person in custody

13  pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

14  or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

15  529 U.S. 362, 375, n.7 (2000).  Petitioner asserts that he suffered violations of his rights as

16  guaranteed by the U.S. Constitution.  The challenged conviction arises out of Kings County

17  Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a);

18  2241(d).

19          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

20  of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

21  enactment. Lockyer v. Andrade, 538 U.S. 63, 70 (2003); Lindh v. Murphy, 521 U.S. 320, 117

22  S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,*

23  522 U.S. 1008 (1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

24  *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320

25  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

26  petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

27  II.      Standard of Review

28          Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is

1  barred unless a petitioner can show that the state court's adjudication of his claim:

2        (1) resulted in a decision that was contrary to, or involved an unreasonable
3        application of, clearly established Federal law, as determined by the Supreme
         Court of the United States; or

4        (2) resulted in a decision that was based on an unreasonable determination of the
         facts in light of the evidence presented in the State court proceeding.
5
6  28 U.S.C. § 2254(d); Harrington v. Richter, __ U.S. __, __, 131 S.Ct 770, 784, 178 L.Ed.2d 624

7  (2011); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

8        As a threshold matter, this Court must "first decide what constitutes 'clearly established

9  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

10 quoting 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this

11 Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as

12 of the time of the relevant state-court decision." Williams, 592 U.S. at 412. "In other words,

13 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles

14 set forth by the Supreme Court at the time the state court renders its decision." Id.  In addition,

15 the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal

16 principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in

17 . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of

18 review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir.2009), quoting Wright v. Van

19 Patten, 552 U.S. 120, 125 (2008); see Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v.

20 Musladin, 549 U.S. 70 (2006).  If no clearly established Federal law exists, the inquiry is at an

21 end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S.

22 at 126; Moses, 555 F.3d at 760.

23       If the Court determines there is governing clearly established Federal law, the Court must

24 then consider whether the state court's decision was "contrary to, or involved an unreasonable

25 application of," [the] clearly established Federal law." Lockyer, 538 U.S. at 72, quoting 28

26 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if

27 the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

28 question of law or if the state court decides a case differently than [the] Court has on a set of

4

1 materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at

2 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in

3 character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405, *quoting* Webster's Third

4 New International Dictionary 495 (1976). "A state-court decision will certainly be contrary to

5 [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the

6 governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to"

7 clearly established Supreme Court precedent, the state decision is reviewed under the pre-

8 AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc).

9       "Under the 'reasonable application clause,' a federal habeas court may grant the writ if

10 the state court identifies the correct governing legal principle from [the] Court's decisions but

11 unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

12 "[A] federal court may not issue the writ simply because the court concludes in its independent

13 judgment that the relevant state court decision applied clearly established federal law erroneously

14 or incorrectly.  Rather, that application must also be unreasonable." Id. at 411; see also Lockyer,

15 538 U.S. at 75-76.  The writ may issue only "where there is no possibility fairminded jurists

16 could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."

17 Harrington, 131 S.Ct. at 784.  In other words, so long as fairminded jurists could disagree on the

18 correctness of the state courts decision, the decision cannot be considered unreasonable.  Id.  If

19 the Court determines that the state court decision is objectively unreasonable, and the error is not

20 structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious

21 effect on the verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

22       Petitioner has the burden of establishing that the decision of the state court is contrary to

23 or involved an unreasonable application of United States Supreme Court precedent. Baylor v.

24 Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the

25 states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a

26 state court decision is objectively unreasonable. See LaJoie v. Thompson, 217 F.3d 663, 669 (9th

27 Cir.2000); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

28       AEDPA requires considerable deference to the state courts. "[R]eview under § 2254(d)(1)

1   is limited to the record that was before the state court that adjudicated the claim on the merits,"

2   and "evidence introduced in federal court has no bearing on 2254(d)(1) review." Cullen v.

3   Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398-99 (2011).  "Factual determinations by state

4   courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v.

5   Cockrell, 537 U.S. 322, 340 (2003), *citing* 28 U.S.C. § 2254(e)(1).  However, a state court

6   factual finding is not entitled to deference if the relevant state court record is unavailable for the

7   federal court to review. Townsend v. Sain, 372 U.S. 293, 319 (1963), *overruled by,* Keeney v.

8   Tamayo-Reyes, 504 U.S. 1 (1992).

9   III.     Review of Claims

10          A.   Challenge to State Court's Rejection of Ancillary Funds Claim

11          In his first claim for relief, Petitioner alleges the appellate court erred by failing to address

12   Petitioner's claim that the trial court improperly responded to his claim for ancillary funds.

13          Petitioner presented this claim by habeas petition to the California Supreme Court.  The

14   petition was denied without comment or citation of authority.  (See Lodged Doc. No. 13.)

15   Normally, when the California Supreme Court's opinion is summary in nature, the Court must

16   "look through" that decision to a court below that has issued a reasoned opinion.  Ylst v.

17   Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991).  In this case, there is no reasoned state court

18   decision below to review.  In such a case, "[w]here a state court's decision is unaccompanied by

19   an explanation, the habeas petitioner's burden still must be met by showing there was no

20   reasonable basis for the state court to deny relief." Harrington v. Richter, ___ U.S. ___, 131

21   S.Ct. 770, 784, 2011 WL 148587 (2011).  "Under § 2254(d), a habeas court must determine what

22   arguments or theories supported or, as here, could have supported, the state court's decision; and

23   then it must ask whether it is possible fairminded jurists could disagree that those arguments or

24   theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 786.

25   Federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the

26   correctness of the state court's decision." Id., *quoting*, Yarborough v. Alvarado, 541 U.S. 652,

27   664 (2004).

28          In this case, Petitioner alleges the appellate court failed to address his claim concerning

1   ancillary funds.  He is essentially challenging the appellate procedure utilized by the appellate

2   court.  Respondent correctly argues that review of state court procedure is not appropriate in a

3   federal habeas proceeding absent some violation of the Constitution as determined by the

4   Supreme Court.  There is no clearly established Supreme Court precedent which requires the

5   state intermediate court to conduct its appellate review contrary to that followed by the Fifth

6   DCA in this case, nor is there Supreme Court precedent which would allow the federal court to

7   control or oversee the state court's manner of conducting appellate review.  As pointed out by

8   Respondent, "Federal courts hold no supervisory authority over state judicial proceedings and

9   may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S.

10  209, 221 (1982).  This is a matter of state law, and as such, is not cognizable on federal habeas.

11  Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that federal habeas

12  corpus relief does not lie for errors of state law.").  The claim should be rejected.

13          B.   Competency Claim

14          In his other claim for relief, Petitioner alleges the appellate remand to the trial court and

15  the competency trial held on remand were improperly limited to Petitioner's competence to stand

16  trial, and did not include adequate consideration of Petitioner's competence to assist counsel or

17  waive counsel.

18          Petitioner presented this claim in his second appeal to the Fifth DCA where it was

19  rejected in a reasoned decision. (See Lodged Doc. No. 9.)  It was then presented to the California

20  Supreme Court in a petition for review, and the petition was denied without comment.  (See

21  Lodged Doc. No. 13.)  This Court must therefore "look through" to the decision of the appellate

22  court. Ylst, 501 U.S. at 804-05 & n. 3.  The Fifth DCA analyzed and rejected the claim as

23  follows:

24              Citing the recent case of *Indiana v. Edwards* (2008) --- U.S. ---- [128 S.Ct. 2379]
            (*Edwards*), defendant contends that, at the competency trial on remand, his competency
25          to waive the right to counsel should have been determined under a standard higher than
            that used to determine whether he was competent to stand trial.

26
                The People again maintain that defendant has waived the issue because he failed
27          to raise it in his first appeal. In the alternative, the People say the issue fails on the merits.

28              Assuming the issue is not waived, we conclude the trial court applied the proper

7

1    standard to determine defendant's competency to waive the right to counsel.

2         "In *Dusky v. United States* (1960) 362 U.S. 402, the Supreme Court held that the
3    standard for competence to stand trial is whether a defendant has 'sufficient present
     ability to consult with his lawyer with a reasonable degree of rational understanding' and
4    has 'a rational as well as factual understanding of the proceedings against him.' [¶] In
     *Godinez v. Moran* (1993) 509 U.S. 389, the Supreme Court articulated for the first time
5    the standard for determining competence to plead guilty or to waive the right to assistance
     of counsel. The court specifically *rejected* 'the notion that competence to plead guilty or
6    to waive the right to counsel *must* be measured by a standard that is higher than (or even
     different from) the *Dusky* standard.' (*Id.* at p. 398, italics added.)" (*People v. Hightower*
7    (1996) 41 Cal.App.4th 1108, 1112-1113.) "[T]he competence that is required of a
     defendant seeking to waive his right to counsel is the competence to *waive the right,* not
8    the competence to represent himself." (*Godinez, supra,* at p. 399.) "The Supreme Court
     concluded that '[r]equiring that a criminal defendant be competent has a modest aim: It
9    seeks to ensure that he has the capacity to understand the proceedings and to assist
     counsel. While psychiatrists and scholars may find it useful to classify the various kinds
10   and degrees of competence, and while States are free to adopt competency standards that
     are *more elaborate* than the *Dusky* formulation, the Due Process Clause does not impose
11   these additional requirements.' (*Godinez, supra,* 509 U.S. at p. 402, italics added.) Put
     another way, *Godinez* teaches us that California is free to adopt 'more elaborate'
12   standards than the *Dusky* standard for determining competence to waive the right to
     counsel but is not required to do so." (*People v. Hightower, supra,* at pp. 1112-1113.) The
13   *Hightower* court summarized: "California courts appear not to have adopted a 'more
     elaborate' standard than the federal standard for determining competence to waive the
14   right to counsel. Under *Godinez,* that standard is the same as the standard for competence
     to stand trial." (*Id.* at p. 1116 [because the trial court properly found defendant competent
15   to stand trial, it necessarily follows that the court erred in denying his motion for self-
     representation; the two rulings are simply antithetical].)

16        Recently, in *Edwards,* the court held that "the Constitution permits judges to take
     realistic account of the particular defendant's mental capacities by asking whether a
17   defendant who seeks to conduct his own defense at trial is mentally competent to do so.
     That is to say, the Constitution permits States to insist upon representation by counsel for
18   those competent enough to stand trial under *Dusky* but who still suffer from severe mental
     illness to the point where they are not competent to conduct trial proceedings by
19   themselves." (*Edwards, supra,* --- U.S. at p. ---- [128 S.Ct. at pp. 2387-2388].) However,
     *Edwards* only dealt with whether a court *may* deny a "gray-area" defendant his right to
20   self-representation, not whether it *must* do so. (*Id.* at p. ____ [128 S.Ct. at p. 2385].)
     *Godinez,* on the other hand, "involved a State that sought to *permit* a gray-area defendant
21   to represent himself. *Godinez's* constitutional holding is that a State may do so."
     (*Edwards, supra,* at p. ____ [128 S.Ct. at p. 2385].) In this case, the facts are analogous to
22   those in *Godinez;* accordingly, the applicable standard was that enunciated by *Godinez*
     and left unchallenged by *Edwards.* Defendant's competency to waive the right to counsel
23   was determined under the correct standard.

24   (See Lodged Doc. No. 9.)

25       The appellate court decision is entirely consistent with Supreme Court precedent.  As

26   noted by the court, the Constitution allows a state to adopt a higher competency standard than

27   that set forth in Dusky v. United States, 362 U.S. 402 (1960), however, the Constitution does not

28   require it.  See Godinez v. Moran, 509 U.S. 389 (1993).  It is constitutionally sufficient that a

1    defendant's competency to waive his right to counsel be evaluated in accordance with the test set

2    forth in Dusky, to wit, whether the defendant has "sufficient present ability to consult with his

3    lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual

4    understanding of the proceedings against him." 362 U.S. at 402.  In this case, the court properly

5    evaluated Petitioner's competency to waive his right to counsel according to the standard set

6    forth in Dusky.  Petitioner fails to demonstrate that the state court rejection of his claim was

7    contrary to, or an unreasonable application of, controlling Supreme Court precedent.  The claim

8    should be denied.

9    IV.    Motion for Oral Argument

10         On April 10, 2012, Petitioner filed a motion for oral argument.  He states that since

11   briefing has now concluded, the Court should now hear oral argument.  As stated in the Court's

12   order of December 8, 2011, that set the briefing schedule, oral argument would not be permitted

13   unless otherwise ordered by the Court. See Local Rule 230(l).  In this case, the Court finds the

14   record and briefs to be more than sufficient to render a decision in this matter.  Petitioner has not

15   shown good cause and the Court finds it unnecessary to hear oral argument.  Petitioner's motion

16   should be denied.

**RECOMMENDATION**

18         Accordingly, the Court HEREBY RECOMMENDS that this action be DENIED WITH

19   PREJUDICE.  It is FURTHER RECOMMENDED that Petitioner's motion for oral argument be

20   DENIED.

21         This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,

22   United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

23   Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of

24   California.  Within thirty (30) days after service of the Findings and Recommendation, any party

25   may file written objections with the court and serve a copy on all parties.  Such a document

26   should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies

27   to the objections shall be served and filed within fourteen (14) days after service of the

28   objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

§ 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 25, 2012**                    /s/ **Barbara A. McAuliffe**
                                               UNITED STATES MAGISTRATE JUDGE