UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | 1:10-CV-00068 AWI BAM HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR ORAL ARGUMENT |
| MIKE McDONALD, | [Doc. #50] |
| Respondent. | [THIRTY DAY DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on August 31, 2004, of attempted murder, discharging a firearm at an occupied motor vehicle, robbery, assault with a deadly weapon, and residential burglary. (CT[1] 1119, 1121; See Lodged Doc. No. 9.) The jury also found true various firearm allegations, a prior conviction allegation and a prior prison term allegation. (CT 1119, 1121; See Lodged Doc. No. 9.) On

---

[1] "CT" refers to the Clerk's Transcript on Appeal.

1  September 29, 2004, Petitioner was sentenced to a prison term of fifteen years to life plus a
2  consecutive term of thirty-seven years. (CT 1119, 1121; See Lodged Doc. No. 9.)
3        Petitioner filed a timely notice of appeal. On November 14, 2006, the California Court of
4  Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), determined that the trial court had
5  erred by allowing Petitioner to waive his right to counsel while the issue of competence was still
6  pending. (See Lodged Doc. No. 4.) The matter was referred back to the trial court with
7  instruction that the court determine whether a retrospective competency hearing could be held.
8  (See Lodged Doc. No. 4.) On remand, a feasibility hearing was held and it was determined that a
9  retrospective competency hearing was feasible. (See Lodged Doc. No. 9.) A jury heard evidence
10 and determined that Petitioner had been competent to stand trial. (See Lodged Doc. No. 9.) The
11 trial court issued an order affirming the prior judgment of conviction. (See Lodged Doc. No. 9.)
12       Petitioner then appealed a second time. On January 26, 2009, the Fifth DCA affirmed the
13 judgment. (See Lodged Doc. No. 9.) Petitioner then filed a petition for review in the California
14 Supreme Court. (See Lodged Doc. No. 12.) On April 22, 2009, the petition was summarily
15 denied. (See Lodged Doc. No. 13.)
16       Petitioner also filed collateral challenges with respect to the judgment. On February 29,
17 2009, he filed a petition for writ of habeas corpus in the Fifth DCA. (See Lodged Doc. No. 10.)
18 On April 7, 2009, the petition was summarily denied. (See Lodged Doc. No. 11.) Petitioner then
19 filed a petition for writ of habeas corpus in the California Supreme Court on April 24, 2009.
20 (See Lodged Doc. No. 14.) On September 30, 2009, the petition was denied. (See Lodged Doc.
21 No. 15.)
22       On January 13, 2010, Petitioner filed the instant federal habeas petition presenting several
23 claims. Respondent moved to dismiss the petition as a mixed petition containing exhausted and
24 unexhausted claims. On September 12, 2011, the District Court issued an order finding the
25 petition to be a mixed petition containing both exhausted and unexhausted claims. The matter
26 was referred back to the Magistrate Judge for consideration of Petitioner's motion for stay of
27 proceedings. On November 10, 2011, the undersigned denied the motion for stay and granted
28 Petitioner an opportunity to withdraw the unexhausted claims and proceed with the exhausted

claims. Petitioner then moved to withdraw the unexhausted claims, and on December 8, 2011, the motion was granted. Respondent was directed to file an answer to the following remaining claims: 1) Petitioner's third claim that the appellate court erred in the initial appeal by not responding to Petitioner's issue concerning the trial court's ruling on his motion for ancillary funds; and 2) Petitioner's fourth claim that the appellate court remand to the trial court and the competency trial held on remand were improperly limited to Petitioner's competence to stand trial, and did not include adequate consideration of Petitioner's competence to assist counsel or waive counsel. On February 7, 2012, Respondent filed an answer. On April 10, 2012, Petitioner filed a traverse along with a motion for oral argument.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of Kings County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lockyer v. Andrade, 538 U.S. 63, 70 (2003); Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008 (1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II. Standard of Review

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is

barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, __ U.S. __, __, 131 S.Ct 770, 784, 178 L.Ed.2d 624 (2011); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir.2009), *quoting* Wright v. Van Patten, 552 U.S. 120, 125 (2008); see Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of," [the] clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of

materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405, *quoting* Webster's Third New International Dictionary 495 (1976). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75-76. The writ may issue only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Harrington, 131 S.Ct. at 784. In other words, so long as fairminded jurists could disagree on the correctness of the state courts decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See LaJoie v. Thompson, 217 F.3d 663, 669 (9th Cir.2000); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires considerable deference to the state courts. "[R]eview under § 2254(d)(1)

5

is limited to the record that was before the state court that adjudicated the claim on the merits," and "evidence introduced in federal court has no bearing on 2254(d)(1) review." Cullen v. Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398-99 (2011). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003), *citing* 28 U.S.C. § 2254(e)(1). However, a state court factual finding is not entitled to deference if the relevant state court record is unavailable for the federal court to review. Townsend v. Sain, 372 U.S. 293, 319 (1963), *overruled by,* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

III.     Review of Claims

   A.   Challenge to State Court's Rejection of Ancillary Funds Claim

In his first claim for relief, Petitioner alleges the appellate court erred by failing to address Petitioner's claim that the trial court improperly responded to his claim for ancillary funds.

Petitioner presented this claim by habeas petition to the California Supreme Court. The petition was denied without comment or citation of authority. (See Lodged Doc. No. 13.) Normally, when the California Supreme Court's opinion is summary in nature, the Court must "look through" that decision to a court below that has issued a reasoned opinion. Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991). In this case, there is no reasoned state court decision below to review. In such a case, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 784, 2011 WL 148587 (2011). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 786. Federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id., *quoting*, Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

In this case, Petitioner alleges the appellate court failed to address his claim concerning

6

ancillary funds. He is essentially challenging the appellate procedure utilized by the appellate court. Respondent correctly argues that review of state court procedure is not appropriate in a federal habeas proceeding absent some violation of the Constitution as determined by the Supreme Court. There is no clearly established Supreme Court precedent which requires the state intermediate court to conduct its appellate review contrary to that followed by the Fifth DCA in this case, nor is there Supreme Court precedent which would allow the federal court to control or oversee the state court's manner of conducting appellate review. As pointed out by Respondent, "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). This is a matter of state law, and as such, is not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."). The claim should be rejected.

B. Competency Claim

In his other claim for relief, Petitioner alleges the appellate remand to the trial court and the competency trial held on remand were improperly limited to Petitioner's competence to stand trial, and did not include adequate consideration of Petitioner's competence to assist counsel or waive counsel.

Petitioner presented this claim in his second appeal to the Fifth DCA where it was rejected in a reasoned decision. (See Lodged Doc. No. 9.) It was then presented to the California Supreme Court in a petition for review, and the petition was denied without comment. (See Lodged Doc. No. 13.) This Court must therefore "look through" to the decision of the appellate court. Ylst, 501 U.S. at 804-05 & n. 3. The Fifth DCA analyzed and rejected the claim as follows:

> Citing the recent case of *Indiana v. Edwards* (2008) --- U.S. ---- [128 S.Ct. 2379] (*Edwards*), defendant contends that, at the competency trial on remand, his competency to waive the right to counsel should have been determined under a standard higher than that used to determine whether he was competent to stand trial.
>
> The People again maintain that defendant has waived the issue because he failed to raise it in his first appeal. In the alternative, the People say the issue fails on the merits.
>
> Assuming the issue is not waived, we conclude the trial court applied the proper

standard to determine defendant's competency to waive the right to counsel.

"In *Dusky v. United States* (1960) 362 U.S. 402, the Supreme Court held that the standard for competence to stand trial is whether a defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' [¶] In *Godinez v. Moran* (1993) 509 U.S. 389, the Supreme Court articulated for the first time the standard for determining competence to plead guilty or to waive the right to assistance of counsel. The court specifically *rejected* 'the notion that competence to plead guilty or to waive the right to counsel *must* be measured by a standard that is higher than (or even different from) the *Dusky* standard.' (*Id.* at p. 398, italics added.)" (*People v. Hightower* (1996) 41 Cal.App.4th 1108, 1112-1113.) "[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right,* not the competence to represent himself." (*Godinez, supra,* at p. 399.) "The Supreme Court concluded that '[r]equiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel. While psychiatrists and scholars may find it useful to classify the various kinds and degrees of competence, and while States are free to adopt competency standards that are *more elaborate* than the *Dusky* formulation, the Due Process Clause does not impose these additional requirements.' (*Godinez, supra,* 509 U.S. at p. 402, italics added.) Put another way, *Godinez* teaches us that California is free to adopt 'more elaborate' standards than the *Dusky* standard for determining competence to waive the right to counsel but is not required to do so." (*People v. Hightower, supra,* at pp. 1112-1113.) The *Hightower* court summarized: "California courts appear not to have adopted a 'more elaborate' standard than the federal standard for determining competence to waive the right to counsel. Under *Godinez,* that standard is the same as the standard for competence to stand trial." (*Id.* at p. 1116 [because the trial court properly found defendant competent to stand trial, it necessarily follows that the court erred in denying his motion for self-representation; the two rulings are simply antithetical].)

Recently, in *Edwards,* the court held that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky* but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." (*Edwards, supra,* --- U.S. at p. ---- [128 S.Ct. at pp. 2387-2388].) However, *Edwards* only dealt with whether a court *may* deny a "gray-area" defendant his right to self-representation, not whether it *must* do so. (*Id.* at p. ____ [128 S.Ct. at p. 2385].) *Godinez,* on the other hand, "involved a State that sought to *permit* a gray-area defendant to represent himself. *Godinez's* constitutional holding is that a State may do so." (*Edwards, supra,* at p. ____ [128 S.Ct. at p. 2385].) In this case, the facts are analogous to those in *Godinez;* accordingly, the applicable standard was that enunciated by *Godinez* and left unchallenged by *Edwards.* Defendant's competency to waive the right to counsel was determined under the correct standard.

(See Lodged Doc. No. 9.)

The appellate court decision is entirely consistent with Supreme Court precedent. As noted by the court, the Constitution allows a state to adopt a higher competency standard than that set forth in Dusky v. United States, 362 U.S. 402 (1960), however, the Constitution does not require it. See Godinez v. Moran, 509 U.S. 389 (1993). It is constitutionally sufficient that a

defendant's competency to waive his right to counsel be evaluated in accordance with the test set forth in Dusky, to wit, whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." 362 U.S. at 402.  In this case, the court properly evaluated Petitioner's competency to waive his right to counsel according to the standard set forth in Dusky.  Petitioner fails to demonstrate that the state court rejection of his claim was contrary to, or an unreasonable application of, controlling Supreme Court precedent.  The claim should be denied.

IV.     Motion for Oral Argument

On April 10, 2012, Petitioner filed a motion for oral argument.  He states that since briefing has now concluded, the Court should now hear oral argument.  As stated in the Court's order of December 8, 2011, that set the briefing schedule, oral argument would not be permitted unless otherwise ordered by the Court.  See Local Rule 230(l).  In this case, the Court finds the record and briefs to be more than sufficient to render a decision in this matter.  Petitioner has not shown good cause and the Court finds it unnecessary to hear oral argument.  Petitioner's motion should be denied.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DENIED WITH PREJUDICE.  It is FURTHER RECOMMENDED that Petitioner's motion for oral argument be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

§ 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**   **April 25, 2012**                     /s/ **Barbara A. McAuliffe**
                                                        UNITED STATES MAGISTRATE JUDGE