UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MATTHEW CATE,<br><br>　　　　　Respondent.<br>_____/ | 1:10-CV-00068 AWI BAM HC<br><br>ORDER DIRECTING RESPONDENT TO ADDRESS PETITIONER'S MOTION TO AMEND<br><br>[Doc. #74] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on August 31, 2004, of attempted murder, discharging a firearm at an occupied motor vehicle, robbery, assault with a deadly weapon, and residential burglary. The jury also found true various firearm allegations, a prior conviction allegation and a prior prison term allegation. On September 29, 2004, Petitioner was sentenced to a prison term of fifteen years to life plus a consecutive term of thirty-seven years.

Petitioner filed a timely notice of appeal. On November 14, 2006, the California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), determined that the trial court had erred

---

[1] This information is derived from copies of Petitioner's state court pleadings lodged by Respondent with his answer.

1  by allowing Petitioner to waive his right to counsel while the issue of competence was still pending.
2  The matter was referred back to the trial court with instruction that the court determine whether a
3  retrospective competency hearing could be held.  On remand, a feasibility hearing was held and it
4  was determined that a retrospective competency hearing was feasible.  A jury heard evidence and
5  determined that Petitioner had been competent to stand trial.  The trial court issued an order
6  affirming the prior judgment of conviction.

7  Petitioner then appealed a second time.  On January 26, 2009, the Fifth DCA affirmed the
8  judgment.  Petitioner then filed a petition for review in the California Supreme Court.  On April 22,
9  2009, the petition was summarily denied.

10  Petitioner also filed collateral challenges with respect to the judgment.  On February 29,
11  2009, he filed a petition for writ of habeas corpus in the Fifth DCA.  On April 7, 2009, the petition
12  was summarily denied.  Petitioner then filed a petition for writ of habeas corpus in the California
13  Supreme Court on April 24, 2009.  On September 30, 2009, the petition was denied.

14  On January 13, 2010, Petitioner filed the instant federal habeas petition presenting multiple
15  claims.  Respondent moved to dismiss the petition as a mixed petition containing exhausted and
16  unexhausted claims.  On September 12, 2011, the District Court issued an order finding the petition
17  to be a mixed petition containing both exhausted and unexhausted claims.  The matter was referred
18  back to the Magistrate Judge for consideration of Petitioner's motion for stay of proceedings.  On
19  November 10, 2011, the undersigned denied the motion for stay and granted Petitioner an
20  opportunity to withdraw the unexhausted claims and proceed with the exhausted claims.  Petitioner
21  then moved to withdraw the unexhausted claims, and on December 8, 2011, the motion was granted.
22  Respondent was directed to file an answer to the remaining claims.  On February 7, 2012,
23  Respondent filed an answer.  On April 10, 2012, Petitioner filed a traverse along with a motion for
24  oral argument.

25  On April 26, 2012, the undersigned issued a Findings and Recommendation which
26  recommended denial of the petition.  On August 3, 2012, the District Court adopted the Findings and
27  Recommendation in full and denied the petition.  Judgment was entered on the same date.

28  However, prior to the issuance of the Findings and Recommendation, on April 17, 2012,

Petitioner filed a new petition. Petitioner did not reference this case or alert the Court that he sought to amend the instant petition with claims he alleges were newly exhausted. Therefore, a new case was opened with the second petition in Case No. 1:12-CV-00622 AWI GSA HC. After the second petition was dismissed, Petitioner moved for reconsideration and advised the Court that he had intended the petition be filed in this case. The Court granted Petitioner's motion and directed the second petition be construed as a motion to amend the petition and the motion be filed in this case as of April 17, 2012. Thus, pending before this Court is the motion to amend the petition to include additional claims which Petitioner avers have been recently exhausted.

The Court has reviewed the motion to amend as well as the exhibits Petitioner attaches in support. As Exhibit A, Petitioner attaches a copy of an April 11, 2012, decision from the California Supreme Court denying his petition for writ of habeas corpus. The Court assumes this denial order concerns the petition in which Petitioner raised his newly exhausted claims. The California Supreme Court denied the petition with citation to In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Clark, 5 Cal.4th 750, 767-69 (1993). Based on these citations it appears Petitioner may have procedurally defaulted these claims. If that is so, Petitioner's motion to amend would be futile. Therefore, the parties will be directed to brief the issue. See Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir.2003) (federal court retains discretion to consider procedural default sua sponte if the circumstances warrant).

Accordingly, IT IS HEREBY ORDERED:

1) Respondent is DIRECTED to address Petitioner's motion to amend dated April 17, 2012 (Doc. #74) within thirty (30) days of the date of service of this order; and

2) Petitioner may FILE a reply to Respondent's brief within thirty (30) days of the date of service of Respondent's submission.

IT IS SO ORDERED.

Dated: **November 30, 2012**          /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE