# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, | 1:10-CV-00068 AWI BAM HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION TO AMEND |
| v. | |
| | [Doc. #74] |
| MATTHEW CATE, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

A. State Proceedings

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following his conviction by jury trial on August 31, 2004, of attempted murder, discharging a firearm at an occupied motor vehicle, robbery, assault with a deadly weapon, and residential burglary. The jury also found true various firearm allegations, a prior conviction allegation and a prior prison term allegation. On September 29, 2004, Petitioner was sentenced to a prison term of fifteen years to life plus a consecutive term of thirty-seven years.

Petitioner appealed and on November 14, 2006, the California Court of Appeal, Fifth

---

[1] This information is derived from copies of Petitioner's state court pleadings lodged by Respondent with his answer.

Appellate District (hereinafter "Fifth DCA"), determined that the trial court had erred by allowing Petitioner to waive his right to counsel while the issue of competence was still pending. The matter was referred back to the trial court with instruction that the court determine whether a retrospective competency hearing could be held. On remand, a feasibility hearing was held and it was determined that a retrospective competency hearing was feasible. A jury heard evidence and determined that Petitioner had been competent to stand trial. The trial court issued an order affirming the prior judgment of conviction.

Petitioner then appealed a second time. On January 26, 2009, the Fifth DCA affirmed the judgment. Petitioner then filed a petition for review in the California Supreme Court. On April 22, 2009, the petition was summarily denied.

Petitioner also filed collateral challenges with respect to the judgment. On February 24, 2009, he filed a petition for writ of habeas corpus in the Fifth DCA. On April 7, 2009, the petition was summarily denied. Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court on April 24, 2009. On September 30, 2009, the petition was denied. He filed another habeas petition in the Fifth DCA on September 9, 2011. It was denied on November 9, 2011. Petitioner then filed a habeas petition in the California Supreme Court on December 5, 2011. It was denied on April 11, 2012, with citation to In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Clark, 5 Cal.4th 750, 767-69 (1993). On December 27, 2011, Petitioner filed another habeas petition in the California Supreme Court. The petition was denied on April 11, 2012, with citation to People v. Duvall, 9 Cal.4th 464, 474 (1995) and In re Swain, 34 Cal.2d 300, 304 (1949).

B.  Federal Proceedings

On January 13, 2010, Petitioner filed a federal habeas petition. Respondent moved to dismiss the petition as a mixed petition containing exhausted and unexhausted claims. On September 12, 2011, the District Court issued an order finding the petition to be a mixed petition containing both exhausted and unexhausted claims. The matter was referred back to the Magistrate Judge for consideration of Petitioner's motion for stay of proceedings. On November 10, 2011, the undersigned denied the motion for stay and granted Petitioner an opportunity to withdraw the unexhausted claims and proceed with the exhausted claims. Petitioner then moved to withdraw the

unexhausted claims, and on December 8, 2011, the motion was granted. Respondent was directed to file an answer to the remaining claims, to wit: (1) the appellate court erred by failing to address Petitioner's claim that the trial court improperly responded to his claim for ancillary funds; and (2) the appellate court's remand to the trial court and the competency trial held on remand were improperly limited to Petitioner's competence to stand trial, and did not include adequate consideration of Petitioner's competence to assist counsel or waive counsel. On February 7, 2012, Respondent filed an answer. On April 10, 2012, Petitioner filed a traverse along with a motion for oral argument.

On April 26, 2012, the undersigned issued a Findings and Recommendation which recommended denial of the petition. On August 3, 2012, the District Court adopted the Findings and Recommendation in full and denied the petition. Judgment was entered on the same date.

However, prior to the issuance of the Findings and Recommendation, on April 17, 2012, Petitioner filed a new petition. Petitioner did not reference this case or alert the Court that he sought to amend the instant petition with claims he alleged were newly exhausted. Therefore, a new case was opened with the second petition in Case No. 1:12-CV-00622 AWI GSA HC. After the second petition was dismissed, Petitioner moved for reconsideration and advised the Court that he had intended the petition to be filed in this case. The Court granted Petitioner's motion and directed the second petition be construed as a motion to amend the petition and the motion be filed in this case as of April 17, 2012. On November 30, 2012, the undersigned directed Respondent to respond to Petitioner's motion to amend. On February 20, 2013, Respondent filed an opposition to the motion to amend. Respondent argues the motion to amend should be denied because the claims Petitioner seeks to include are untimely. On April 22, 2013, Petitioner filed a reply to the opposition.

## DISCUSSION

Pending before the Court is Petitioner's motion to amend.[2] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course prior to

---

[2] In his reply, Petitioner claims the District Court already granted the amendment in its Order of October 26, 2012. This is not the case. In actuality, the District Court construed Petitioner's filing as a motion to amend, directed the motion be filed in the instant case, and directed the undersigned to consider the motion as if it had been filed in this case on April 17, 2012.

being served with a responsive pleading. Thereafter, a party may amend only with the opposing party's written consent or court's leave. Rule 15 is made applicable to habeas proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(4), and Rule 11 of the Rules Governing Section 2254 Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005). The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the federal court is guided by the following five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the party previously amended its pleadings. See Foman v. Davis, 371 U.S. 178, 182 (1962). Because leave is to be freely given when justice requires, the burden is on the opposing party to demonstrate that justice requires denial. Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 406 (11th Cir.1989).

In this case, contrary to Petitioner's contention in his reply that his attempts to amend preceded any responsive pleading, the motion to dismiss filed on October 15, 2010, and the answer filed on February 7, 2012, preceded his April 17, 2012, motion to amend. In addition, Respondent opposes the motion to amend. Therefore, the Court must determine whether justice requires granting leave to amend. Respondent argues the motion should be denied because the amendment would be futile. Futility, by itself, can justify a denial of a motion to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995). Respondent claims the new claims are untimely and time barred under the statute of limitations set forth in 28 U.S.C. § 2244(d). Respondent's arguments are persuasive.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on April 22, 2009. Thus, direct review concluded on July 21, 2009, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Normally, Petitioner would have had one year from July 22, 2009, to July 21, 2010, to present his claims to the federal court. However, a habeas petition was pending in the California Supreme Court from April 24, 2009, to October 15, 2009. Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). Therefore, Petitioner is entitled to tolling for the time this petition was pending. Accordingly, the statute of limitations did not commence until October 16, 2009, and then expired one year later on October 15, 2010.

In Carey v. Saffold, the Supreme Court held that the statute of limitations is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Petitioner filed his next state habeas petition in the appellate court on September 9, 2011. Because Petitioner was not proceeding to the next appellate level, he is not entitled to interval tolling. Therefore, the statute of limitations expired on October 15, 2010. Because the limitations period had already expired, the habeas petition had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000);

1  Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Likewise, the subsequent petitions did not
2  operate to toll the statute of limitations.
3       In addition, the limitations period may be subject to equitable tolling if the petitioner
4  demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
5  circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v.
6  Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d
7  530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996),
8  cert denied, 522 U.S. 814 (1997).  Petitioner bears the burden of alleging facts that would give rise to
9  tolling.  Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters.,
10 5 F.3d 391, 395 (9th Cir.1993).  Here, Petitioner blames his appellate counsel for "intentionally
11 fail[ing] to raise the valid and arguable cumulative issues now brought." (Pet'r's Reply at 7.)  He
12 states counsel determined "that the grounds would be un[suc]cessful." (Pet'r's Reply at 7.)  This
13 contention does not merit equitable tolling for the simple fact that counsel's decision not to include
14 Petitioner's grounds did not preclude Petitioner from seeking relief for those grounds on his own by
15 way of a subsequent round of review.  Petitioner also claims he was delayed because he was without
16 trial transcripts until some time between September and November of 2010.  Again, Petitioner does
17 not show how this circumstance stood in his way from timely filing his federal petition.  Clearly,
18 Petitioner knew of these grounds for relief well before he received his transcripts since he states that
19 counsel intentionally refused his requests to raise them on direct appeal.  This is further illustrated by
20 the fact that Petitioner had already filed his federal petition which contained the relevant facts and
21 grounds on January 13, 2010, at least nine months before he allegedly received his transcripts.  Thus,
22 the unavailability of the transcripts appears to be of no consequence with respect to discovery of the
23 claims.  In sum, the Court finds no reason to equitably toll the limitations period because Petitioner
24 fails to show that some extraordinary circumstance beyond his control made it impossible for him to
25 file his federal petition on time.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003).
26      Accordingly, the statute of limitations expired on October 15, 2010.  Although the original
27 petition was timely filed on January 13, 2010, the motion to amend was not filed until April 19,
28 2012.  This was well after the limitations period had expired.  Therefore, the federal claims he now

seeks to present are untimely.

Nevertheless, amendments may be considered timely if they relate back to the original pleading. Mayle, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)). Under Fed. R. Civ. P. 15(c)(1)(B), an amendment relates back to the date of the original pleading if the amendment "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." The applicable test for relation back is whether the claim arises out of a "common 'core of operative facts' uniting the original and newly asserted claims.'" Mayle, 545 U.S. at 659. Any new claims, including newly exhausted claims, relate back if the new claims are tied to claims that were exhausted at the time of filing in the original federal petition by a common core of operative facts. King v. Ryan, 564 F.3d 1133, 1140-42 (9th Cir.2009). A new claim does not relate back if it is supported by facts that differ in both "time and type" from those set forth in the original pleading. Mayle, 545 U.S. at 657.

In this case, the exhausted petition contained the following two claims for relief: (1) the appellate court erred by failing to address Petitioner's claim that the trial court improperly responded to his claim for ancillary funds; and (2) the appellate court's remand to the trial court and the competency trial held on remand were improperly limited to Petitioner's competence to stand trial, and did not include adequate consideration of Petitioner's competence to assist counsel or waive counsel. Petitioner's new claims are as follows: (1) the appellate court erred in the first appeal by not reversing the conviction, but rather remanding for a competency hearing; (2) the appellate court erred in the first appeal by "limiting adequate relief in the retrospective competency hearing"; (3) the appellate court in the first appeal erred by improperly determining whether Petitioner validly waived counsel; (4) the trial court on remand erred by failing to appoint Petitioner's requested counsel; (5) the trial court on remand erred by failing to revoke Petitioner's pro per status; (6) the trial court erred by denying Petitioner's pre-trial motions; (8) the trial court erred by imposing sentence based on a violation of a different statute than the one charged; (9) the trial court erred by imposing restitution; and (10) Petitioner's appellate counsel rendered ineffective assistance by failing to raise the previous nine claims during Petitioner's second appeal.

Respondent correctly argues that the Court does not have jurisdiction to consider Petitioner's

1  ninth new claim challenging restitution.  Bailey v. Hill, 599 F.3d 976, 982 (9th Cir.2010).
2  Respondent is also correct that the second new claim is duplicative of the second original claim
3  which was previously denied.  Therefore, adding the second and the ninth claims would be futile.
4       As to the remaining claims, none deal with the appellate court's failure to address Petitioner's
5  request for ancillary funds.  Therefore, they do not relate back to the first original claim.  Likewise,
6  none of the claims deal with the scope of relief ordered by the appellate court on remand.  Therefore,
7  the new claims do not relate back to the second original claim.  Accordingly, none of the new claims
8  relate back and are therefore untimely.  Since amendment would be futile, Petitioner's motion to
9  amend should be denied.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to amend be DENIED, and judgment be ENTERED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen days of the date of service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 2, 2013                         /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE